[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO OPEN DISMISSAL JUDGMENT
This action was dismissed pursuant to Practice Book 251 on December 11, 1992. On April 16, 1993, the plaintiffs filed a motion to set aside the dismissal. The defendants object to the motion as untimely.
The motion to set aside or open a dismissal must be filed within "four months succeeding the date on which it was rendered or passed." General Statutes 52-212a. The judgment was entered on December 11, 1992. The motion to set aside was filed on April 16, 1993 and the $60.00 fee was paid on April 19, 1993. Both events are beyond the four month time period. A court is without jurisdiction to open a judgment more than four months after the rendering of judgment. Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518-19 (1985); Batory v. Bajor,22 Conn. App. 4, 7 (1990).
Plaintiffs resist the conclusion that the motion to set aside is untimely by arguing that the four month time period does not begin to run until notice is received by counsel or, at the earliest, the date notice is sent by the court. The two Superior Court opinions CT Page 8216-GG cited by plaintiffs would, at first glance, appear to support their position. Both Aliff v. Fromm, 6 Conn. L. Rptr. 412, 413 (May 6, 1992, Austin, J.) and Keating v. Jordan,4 Conn. L. Rptr. 483
(September 10, 1991, Langenbach, J.) state that the four month time period runs from the date of actual notice to the party moving to open the judgment. Both these cases cite DiSimone v. Vitello, 6 Conn. App. 390 (1986) as support for this proposition.
A closer reading of the two Superior Court cases, however, as well as DiSimone, indicates that in those cases, the party seeking to reopen the judgment received no notice whatsoever from the court of the entering of judgment. Thus, "[i]t is well sealed that when a party fails to receive the official notice of a judgment of default of non-suit, the four-month time period commences upon the receipt of actual notice." (Emphasis added.) Aliff, supra. Similarly, in Keating the party likewise failed to receive official notice of the entering of judgment. And in DiSimone, supra, 393 the court stated that "where a defendant does not otherwise have notice of a default judgment, such a delay would merely extend the time in which the defendant could move to set aside the judgment." (Emphasis added.) CT Page 8216-HH
Thus, these cases do not support the position that the four month period commences when the party receives notice of the default, but instead that the tolling of the four month period is only appropriate when the party fails to receive actual, official notice that the judgment was entered. Such is not the situation in the instant case. There is no claim that the plaintiffs failed to receive notice of the judgment, a copy of which was attached to one of plaintiffs' briefs. The notice clearly indicates that judgment was entered on December 11, 1992. The plaintiffs' semantic arguments notwithstanding,[1] they had four months from December 11, 1992 to set aside the dismissal and pay the filing fee required for such a motion.
Their motion was filed and paid for untimely and this court thus lacks the jurisdiction to disturb said judgment. Van Mecklenburg, supra. The motion to set aside the dismissal is denied.
Ballen, J.